THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AUSTIN ROTH, BRANDON ROSE, and ALEXANDER FONSECA, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

WOOT.COM LLC, as a wholly owned subsidiary of AMAZON.COM SERVICES LLC,

Defendant.

Case No. 2:26-cv-01460-JHC

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING NINTH CIRCUIT APPEAL**



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

# TABLE OF CONTENTS

I. INTRODUCTION ........................................ 1

II. BACKGROUND ........................................ 2

A. Plaintiffs' Allegations ........................................ 2

B. The *Lakes* Appeal ........................................ 3

III. LEGAL STANDARD ........................................ 4

IV. ARGUMENT ........................................ 4

A. The Issues in the *Lakes* Appeal Are Distinguishable ........................................ 5

B. Plaintiffs Would Be Damaged by a Stay ........................................ 6

C. Woot Would Not Suffer Hardship or Inequity if the Stay Was Denied ........................................ 7

D. A Stay Would Not Serve the Orderly Course of Justice ........................................ 8

E. If The Court Is Inclined to Grant Any Stay, the Stay Should Be Narrow and Conditioned ........................................ 9

V. CONCLUSION ........................................ 9



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## TABLE OF AUTHORITIES

**Cases**

*Babare v. Sigue Corp.*,
No. C20-0894-JCC, 2020 WL 8617424 (W.D. Wash. Sept. 30, 2020) .................................. 9

*Centeno v. Inslee*,
310 F.R.D. 483 (W.D. Wash. 2015) ...................................................................................... 6

*CMAX, Inc. v. Hall*,
300 F.2d 265 (9th Cir. 1962) ................................................................................................ 8

*Davis v. Walker*,
745 F.3d 1303 (9th Cir. 2014) .............................................................................................. 7

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.*,
498 F.3d 1059 (9th Cir. 2007) .............................................................................................. 8

*Dunson v Cordis Corp.*,
No. 16-CV-03076-EMC, 2016 WL 10679457 (N.D. Cal. Nov. 8, 2016) ............................... 7

*Ernest Bock, LLC v. Steelman*,
76 F.4th 827 (9th Cir. 2023) ................................................................................................. 4

*Evans v. Wal-Mart Stores, Inc.*,
Case No. CV 17-07641-AB (KK), 2019 WL 7169794 (C.D. Cal. Oct. 23, 2019) .................. 7

*Greco v. Uber Techs., Inc.*,
No. 4:20-CV-02698-YGR, 2021 WL 134578 (N.D. Cal. Jan. 14, 2021)................................ 7

*Juweiya Abdiaziz Ali v. Trump*,
241 F. Supp. 3d 1147 (W.D. Wash. 2017) ............................................................................ 6

*King Cnty. v. BP P.L.C.*,
No. C18-758-RSL, 2018 WL 9440497 (W.D. Wash. Oct. 17, 2018) ...................................... 9

*Lakes v. Ubisoft, Inc.*,
777 F. Supp. 3d 1047 (N.D. Cal. 2025)............................................................................ 3, 5

*Lakes v. Ubisoft, Inc.*,
No. 25-2857 (9th Cir. May 2, 2025)...................................................................................... 1

*Lockyer v. Mirant Corp.*,
398 F.3d 1098 (9th Cir. 2005) ........................................................................................ 4, 7, 8



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Mitchell v. Experian Data Corp.*,
No. 25-cv-02873-RFL, 2026 WL 1045673 (N.D. Cal. Apr. 17, 2026).................................. 8

*Mohamed v. Uber Techs., Inc.*,
115 F. Supp. 3d 1185 (N.D. Cal. 2015)....................................................................... 9

*Pub. Emps. Ret. Ass'n of N.M. v. Earley (In re PG&E Corp. Sec. Litig.)*,
100 F.4th 1076 (9th Cir. 2024)........................................................................ 4, 6, 7, 8

*Taie v. Ten Bridges LLC*,
No. C21-0526-JCC, 2022 WL 17416056 (W.D. Wash. Dec. 5, 2022).................................. 6

*Young v. Axos Fin.*,
No. 37-2021 -00019535-CU-OE-CTL, 2022 Cal. Super. LEXIS 1452 (Super. Ct., S.D. Cty. Feb. 4, 2022)........................................................................................................... 8

**Statutes**

18 U.S.C. § 2710(a)(3) .................................................................................................... 3



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## I. INTRODUCTION

Plaintiffs Austin Roth, Brandon Rose, and Alexander Fonseca, individually and on behalf of all others similarly situated ("Plaintiffs"), allege that Defendant Woot.com LLC ("Woot") surreptitiously deployed sophisticated third-party tracking software on its website to capture and disclose users' interactions and communications with the website, including their video viewing histories, to third-party advertising and analytics providers without their knowledge or consent. Based on the foregoing, Plaintiffs allege violations of the federal Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710; the federal Wiretap Act, 18 U.S.C. § 2510, et seq.; the California Invasion of Privacy Act ("CIPA"), including Cal. Penal Code §§ 631 (illegal wiretapping) and 638.51 (unlawful use of a pen register or trap and trace device); California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; the California Constitution at Art. 1, § 1; the Florida Security of Communications Act ("FSCA"), Fla. Stat. § 934.01, et seq., and common law. *See* Compl. ¶¶ 14-15 (ECF No. 1). Plaintiffs' allegations are asserted on behalf of a putative nationwide class and three putative subclasses of consumers: the California Subclass, the Florida Subclass, and the VPPA Subclass. *Id.* at ¶ 196.

Woot moves to stay this action pending the Ninth Circuit Court of Appeals' decision in *Lakes v. Ubisoft, Inc.*, No. 25-2857 (9th Cir. May 2, 2025) ("*Lakes* Appeal"). The Court should reject that request. A stay is an extraordinary remedy and should be granted only where the moving party establishes that the interests of justice and judicial economy substantially outweigh the prejudice caused by delaying the litigation. Woot's Motion relies on speculation that a future appellate decision may affect this case; an insufficient basis upon which to indefinitely suspend Plaintiffs' prosecution of their claims and vindication of their rights. If Woot's Motion were granted, Plaintiffs and all putative class members would be negatively affected by the delay; however, that negative effect would be especially needless with respect to class members that are not members of the VPPA Subclass. Even in a best-case scenario for Woot, the *Lakes* Appeal would provide guidance only for VPPA Subclass members.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Because Woot has failed to demonstrate that the speculative benefits of an indefinite stay outweigh the substantial prejudice resulting from delay, and because the interests of justice are best served by permitting this litigation to proceed in the ordinary course, Woot's Motion to Stay should be denied.

## II. BACKGROUND

### A. Plaintiffs' Allegations

Woot describes its website, https://www.woot.com/ (the "Website"), as the "original deals site," offering several categories of goods for sale, including video games containing prerecorded video content. Compl. ¶¶ 1-2. Website users can acquire and/or purchase pre-recorded audio-visual materials through the Website, such as video games containing cut scenes (referred to herein as "Purchasers"). All three Plaintiffs, residents of California and Florida respectively, are Purchasers. *Id.* at ¶¶ 16-18.

The Website begins placing and transmitting third-party tracking technologies immediately upon a user's initial visit to the Website, before users receive any meaningful notice or opportunity to control the interception or dissemination of their data. Woot transmits users' electronic communications and online activity to third-party advertising and analytics companies (the "Tracking Entities"), including Meta Platforms, Inc. ("Meta"), through cookies, pixels, and similar tracking tools (the "Tracking Tools"). This tracking captures detailed interaction and behavioral data, including detailed URLs visited by users, the names of products purchased by users, the titles of buttons clicked by users, forms filled out by users, at what stage of the visit the user is in (e.g., product view, adding to cart, checking out, etc.), and other on-page elements interacted with by users. *Id.* at ¶ 4. The data intercepted and collected by the Tracking Tools also includes routing and addressing information, including location information, IP addresses, and persistent identifiers used to identify the source of communications and the destination for the data. The Tracking Tools also capture and transmit device and technical identifiers such as device type, operating system, browser type, user identifiers that enable recognition across sessions and



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

websites, and approximate geolocation data. The Tracking Entities use this data to infer users' interests, preferences, age, location, or other characteristics based on the users' behavior on the Website. Collectively, the information intercepted, collected, captured, and transmitted by the Tracking Tools to the Tracking Entities is referred to herein as "Sensitive Information." *Id.* at ¶ 5.

Included within the Sensitive Information exposed by the Website's use of the Tracking Tools is information identifying Purchasers' acquisitions or requests for video games containing cut scenes (referred to herein as "Personal Video Information"[1]).

The Website does not disclose that users' Sensitive Information would be captured by Tracking Tools and then transmitted to the Tracking Entities for use in marketing and analytics activities (conducted by the Tracking Entities and Woot). *Id.* at ¶ 6. At no point during or after the sign-up process, or anywhere on the Website for that matter, does Woot seek or obtain adequate consent for the sharing of users' Sensitive Information (which includes the subset of Purchasers' Personal Video Information), which was surreptitiously captured and transmitted through the Website's use of the Tracking Tools. *Id.* at ¶ 11.

**B. The *Lakes* Appeal**

In *Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047 (N.D. Cal. 2025), the district court dismissed the plaintiffs' VPPA claims based on, among other things, the finding that plaintiffs consented to the subject website's use of cookies via the website's cookie banner and a clickwrap agreement presented at account creation and during a purchase. *See Lakes*, 777 F. Supp. 3d at 1054. The plaintiffs appealed the district court's Order to the Ninth Circuit, while the defendant

[1] "Personal Video Information" consists of Plaintiffs' and Purchasers' (i) Facebook ID ("FID," discussed and defined herein) and (ii) the detailed journey of Plaintiffs and Purchasers on the Website, showing their viewing and eventual purchase of pre-recorded audio video content in the form of video games containing cut scenes on the Website, including a detailed URL containing the name of that item and metadata containing an internal Content ID for that video game. *See* Compl. ¶ 10; *see also* 18 U.S.C. § 2710(a)(3) (defining personally identifiable information under the VPPA as information able to identify users, as well as the title, description, or summary of video materials or services requested or obtained from a video tape service provider).



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

asserted as an alternative basis for affirming dismissal that video games with cut scenes are not within the ambit of the VPPA. *See Lakes* Appeal, Dkt. Nos. 16.1 (at 23), 32.1 (at 44-47).

As of August 18, 2026, oral argument was being considered for the court's available sitting dates in December 2026 and January of 2027 (December 7-11, 2026; January 11-15, 2027); however, two attorneys have already filed responses to the court's Aug. 18th Notice, citing irreconcilable scheduling conflicts. *See Lakes* Appeal, Dkt. Nos. 50-52.

## III. LEGAL STANDARD

The power to stay proceedings is inherent in the Court's authority to control the disposition of cases on its docket with economy of time and effort for itself, for counsel, and for litigants. *See Pub. Emps. Ret. Ass'n of N.M. v. Earley (In re PG&E Corp. Sec. Litig.)*, 100 F.4th 1076, 1085 (9th Cir. 2024). The Ninth Circuit has identified three non-exclusive factors the Court must weigh when deciding a motion to stay: "(1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *Id.* (quoting *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)) (internal quotation marks omitted).

The Supreme Court has made clear that "'if there is even a fair possibility that the stay…will work damage to someone else,' the party seeking a stay 'must make out a clear case of hardship or inequity in being required to go forward.'" *In re PG&E Corp. Sec. Litig.,* 100 F.4th at 1087 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

## IV. ARGUMENT

Woot argues that the issues to be decided in the *Lakes* Appeal may simplify the proceedings in this action, but Woot's argument largely ignores the other claims asserted by Plaintiffs in this action, as well as the damage to Plaintiffs resulting from a stay. Further, Woot



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

has failed to establish it would suffer any hardship in the absence of a stay. Thus, Woot's Motion should be denied.

### A. The Issues in the *Lakes* Appeal Are Distinguishable

As asserted by Woot, the arguably relevant issues raised in the *Lakes* Appeal are (1) whether consent under the VPPA can be established via a website's cookie banner, account creation, and/or purchase flow, and, (2) whether videogames with pre-recorded cut scenes and cinematics are covered by the VPPA, the latter being "raised, as an alternative basis for affirmance, [by Ubisoft]. *See* Def.'s Mot. at 4 (citing *Lakes* Appeal, Dkt. Nos. 16.1, 32.1).

The first issue (whether VPPA-specific consent *can be* established by a website's cookie banner, account creation, and/or purchase flow) is only reached after notice and assent (i.e., formation) have been established. In other words, Woot must establish notice and formation of a contract before the sufficiency of the terms of that contract is at issue. This case does not involve a cookie banner, and Woot does not argue otherwise. The Complaint alleges that the Website tracked users without consent; there is no allegation regarding notice in a banner, deficient or otherwise, because the Website did/does not display one. Additionally, the account creation and purchase flow in *Lakes* presented clickwrap agreements. *See Lakes*, 777 F. Supp. 3d at 1052 ("No user can create a Ubisoft account ***without checking the box*** next to 'I accept Ubisoft's Terms of Use, Terms of Sale, and Privacy Policy,' which hyperlinks to the policies mentioned on the Website . . . . every time a user then makes a purchase, the user is again presented with the Privacy Policy during the Ubisoft Website store checkout process.") (emphasis added) (internal citations to the record omitted). Nothing on the Motion record indicates that Woot seeks to enforce a clickwrap agreement; Plaintiffs have not alleged the use of a clickwrap agreement (*see* Compl. ¶ 181) and Woot has not argued for or provided evidence of one. Whether the first issue in the *Lakes* Appeal even presents here is totally speculative because Woot has not established or attempted to establish notice or assent.



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Woot's reliance on the Ninth Circuit reaching the second issue (whether videogames with pre-recorded cut scenes and cinematics are covered by the VPPA) is similarly speculative. That issue was raised as an alternative basis for affirmance; it is uncertain whether the court reaches or opines on that issue. Because Woot cannot show that the issues raised in the *Lakes* Appeal will affect the adjudication of the issues presented in this action, a stay is unjustified.

**B. Plaintiffs Would Be Damaged by a Stay**

When considering the harm from a stay, the court must consider the duration of the stay and whether the non-moving party is already protected by an injunction or other relief. *See Juweiya Abdiaziz Ali v. Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017); *Taie v. Ten Bridges LLC*, No. C21-0526-JCC, 2022 WL 17416056, at *1 (W.D. Wash. Dec. 5, 2022); *In re PG&E Corp. Sec. Litig.*, 100 F.4th at 1084. Where the non-moving party seeks injunctive relief against ongoing harm, the damage from a stay is more significant. *See Centeno v. Inslee*, 310 F.R.D. 483, 491 (W.D. Wash. 2015).

The sole focus of Woot's argument is that the factor of ongoing harm to Plaintiffs is "irrelevant" because "[a] stay has no bearing on Plaintiffs' ability to recover potential damages." *See* Def.'s Mot. at 8-9. However, Plaintiffs seek injunctive relief to prevent the continuing and ongoing sale, sharing, and use of their Sensitive Information and a change in business practices that would require Defendant to remove the Tracking Tools from the Website and/or obtain appropriate consent from Website users. *See* Compl. ¶¶ 14, 204, 208, 228-34, 301, 312. Thus, the damage to Plaintiffs is a significant factor here weighing against a stay, especially considering the ongoing damage to the absent class members who are not members of the VPPA Subclass.

With respect to duration of the stay, given the current landscape of the *Lakes* Appeal (explained above), oral argument will, at best, be scheduled in December of this year; however, the reasonable likelihood is that oral argument will not be held until after January of next year. In any event, Woot's argument that "the stay will likely last only a few months," and that the



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

length of the stay is therefore "reasonable," is totally unfounded. *See* Def.'s Mot. at 8-9. The stay "in this case [would be] indefinite because its end date is triggered by the occurrence of an external event that is not time limited." *In re PG&E Corp. Sec. Litig.*, 100 F.4th at 1084 (citing *Davis v. Walker*, 745 F.3d 1303, 1309 (9th Cir. 2014)). At best, the stay would last approximately ten months. Putting aside that there is no certainty that the Ninth Circuit reaches the issues that Woot speculates it will, even a ten-month stay in the face of ongoing damage to Plaintiffs and the putative class members is unjustifiable. Thus, Woot's Motion must be denied.

**C. Woot Would Not Suffer Hardship or Inequity if the Stay Was Denied**

Because the stay would harm Plaintiffs, Woot must show a "clear-cut case of hardship or inequity. *See Landis*, 299 U.S. at 248, ("If there is even a fair possibility that the stay…will work damage to someone else" then the movant "must make out a clear case of hardship or inequity in being required to go forward."). Woot has provided no evidence of its potential hardship if a stay is not granted. Indeed, Woot's argument relies on "a potentially pointless round of motion practice that may have to ultimately be re-briefed and reconsidered later." Def.'s Mot. at 9. Putting aside that the 'round of motion practice' Woot identifies would not be pointless because Plaintiffs have asserted several claims, only one of which arises under the VPPA, Woot identifies only the ordinary burden of defending a lawsuit. That is not a clear case of hardship or inequity. *See Washington v. Internet Ord., LLC*, No. C14-1451JLR, 2015 WL 918694, at *6 (W.D. Wash. Mar. 2, 2015) (quoting *Lockyer,* 398 F.3d at 1112) ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'"); *Evans v. Wal-Mart Stores, Inc.*, No. CV 17-07641-AB (KK), 2019 WL 7169794, at *4 (C.D. Cal. Oct. 23, 2019) (same); *see also Dunson v Cordis Corp.*, No. 16-CV-03076-EMC, 2016 WL 10679457, at *3 (N.D. Cal. Nov. 8, 2016) ("Mere injuries, however substantial, in terms of money, time, and energy necessarily expended in the absence of a stay, are not enough."). To show irreparable harm, one must demonstrate "probability," not merely "possibility," of irreparable injury. *Greco v. Uber Techs., Inc.*, No. 4:20-CV-02698-YGR, 2021 WL 134578, at *3 (N.D. Cal. Jan. 14, 2021)



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

(finding that the time and expense of litigation does not constitute irreparable harm). Woot's Motion fails to meet that burden.

Woot does not identify any unique burden, emergency, duplicative trial, conflicting order, or concrete harm that would result from allowing the demurrer to proceed. *See Lockyer,* 398 F.3d 1098 at 1112 ("being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*."); *see also Young v. Axos Fin.,* No. 37-2021 -00019535-CU-OE-CTL, 2022 Cal. Super. LEXIS 1452, at *3 (Super. Ct., S.D. Cty. Feb. 4, 2022) (denying a stay because defendant would not be harmed if the case continued until the Supreme Court gave a decision). Woot asks to avoid litigation now because future appellate decisions might help it later. That is not hardship. That is litigation strategy. *See Mitchell v. Experian Data Corp.,* No. 25-cv-02873-RFL, 2026 WL 1045673 (N.D. Cal. Apr. 17, 2026) (denying a motion to stay in light of *Variety Media* as the Defendant failed to identify any hardship). Thus, Woot's Motion should be denied.

**D. A Stay Would Not Serve the Orderly Course of Justice**

The "ordinary course of justice" is "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "A district court's concern for…'judicial efficiency,' standing alone is not necessarily a sufficient ground to stay proceedings." *In re PG&E Corp. Sec. Litig.*, 100 F.4th at 1085 (quoting *Dependable Highway Exp., Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1066 (9th Cir. 2007).

Woot argues that a stay would save judicial resources because the Ninth Circuit's decision in the *Lakes* Appeal will "simplify" the issues in this case and may moot work and expense for both parties and the Court. *See* Def.'s Mot. at 7. However, the only ostensible 'simplification' would be the elimination of a single claim. And the cases cited by Woot on this issue are readily distinguishable in that they involve instances where all claims in the action



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

could have been disposed of by the parallel appeal,[2] adjudication of a TRO related to immigration proceedings in the face of recent executive orders,[3] or incipient adjudication of an appeal that would resolve a circuit split that would potentially dispose of the action in its entirety.[4] None of those circumstances are present here. Several claims would persist even if the relevant issues in the *Lakes* Appeal are reached and decided in Woot's favor. Further, the stay here would be indefinite, rather than guaranteed to be only a "few months" long. *See Babare*, 2020 WL 8617424, at *2. Thus, Woot has failed to establish that a stay would serve judicial economy or the orderly course of justice.

### E. If The Court Is Inclined to Grant Any Stay, the Stay Should Be Narrow and Conditioned

Plaintiffs respectfully submit that no stay is warranted. However, if the Court is inclined to grant any relief, it should reject Woot's request for a blanket stay. At a minimum, any stay should permit the pending dispositive motion to proceed and permit reasonable discovery. *See Mohamed v. Uber Techs., Inc.,* 115 F. Supp. 3d 1185, 1035 (N.D. Cal. 2015) (allowing reasonable discovery to continue in order to "reasonably protect[] the interests of the Plaintiffs" and acknowledging that the defendant "would be required to engage in discovery irrespective of the outcome of its appeal").

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Woot's Motion to Stay be denied. In the alternative, if the Court is inclined to impose any stay, Plaintiffs request that the Court limit the stay, require preservation of relevant evidence, and permit reasonable discovery.

---

[2] *King Cnty. v. BP P.L.C.*, No. C18-758-RSL, 2018 WL 9440497, at *1 (W.D. Wash. Oct. 17, 2018).

[3] *Washington v. Trump*, No. C17-0141JLR, 2017 WL 1050354, at *2–3 (W.D. Wash. Mar. 17, 2017).

[4] *Babare v. Sigue Corp.*, No. C20-0894-JCC, 2020 WL 8617424, at *1–2 (W.D. Wash. Sept. 30, 2020).



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Dated: August 24, 2026

**TOUSLEY BRAIN STEPHENS PLLC**

By: */s/ Kim D. Stephens, P.S.*
By: */s/ Rebecca L. Solomon*
Kim D. Stephens, P.S., WSBA #11984
kstephens@tousley.com
Rebecca L. Solomon, WSBA #51520
rsolomon@tousley.com
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: (206) 682.5600
Facsimile: (206) 682.2992

By: */s/ Mark S. Reich*
Mark S. Reich*
mreich@zlk.com
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 27th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171

*admitted *pro hac vice*

*Attorneys for Plaintiffs and the Proposed Class*

I certify that this brief contains 3,207 words, in compliance with the Local Civil Rules.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on Defendant via CM/ECF electronic notice.

/s/ *Kim D. Stephens, P.S.*
Kim D. Stephens, P.S.

*Counsel for Plaintiffs*



TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992