THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AUSTIN ROTH, BRANDON ROSE, and ALEXANDER FONSECA, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

WOOT.COM LLC, as a wholly owned subsidiary of AMAZON.COM SERVICES LLC,

Defendant.

Case No. 2:26-cv-01460

**DEFENDANT WOOT.COM LLC'S REPLY TO MOTION TO STAY PENDING NINTH CIRCUIT APPEAL**

NOTE ON MOTION CALENDAR:
August 31, 2026



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## I. INTRODUCTION

Plaintiffs' Opposition distorts the law and offers no sound basis to deny entry of a stay pending the Ninth Circuit's decision in *Lakes v. Ubisoft, Inc.*, No. 25-2857 (9th Cir. May 2, 2025).

*First*, Plaintiffs argue that because *Lakes* may not fully dispose of all of the claims and issues here, a stay is not warranted. But the possibility of simplification of the issues is all that is required, and that standard is easily satisfied.

*Second*, Plaintiffs' suggestion that they would be harmed by a stay is completely invented. A stay tied to the outcome of a pending appeal is not "indefinite," and a bare request for injunctive relief does not preclude entry of a stay.

*Third*, proceeding now risks motion practice and rulings that may conflict with forthcoming binding precedent, wasting judicial resources. Plaintiffs' suggestion that Woot must show "irreparable harm" erroneously misapplies the standard for preliminary injunctions—not stays pending related appeals.

*Fourth*, a stay is appropriate whenever there is a "significant possibility" the related appeal will simplify the proceedings—a standard that is clearly met here. Plaintiffs' alternative request to "narrow" the stay by allowing both motion practice *and* discovery, only underscores why a stay is needed, as their requested "narrowing" would in fact expand both the proceedings and the risk of wasted resources.

The Court should grant Woot's Motion and enter the requested stay.

## II. ARGUMENT

### A. The decision in *Lakes* is likely to simplify these proceedings, warranting a stay.

Plaintiffs do not meaningfully dispute that the Ninth Circuit is poised to address threshold legal questions central to this case, including whether video games are covered by the VPPA and, if so, what form of consent is required. Instead, they vaguely allude to the fact that this case involves additional claims and speculate that *Lakes* could be "distinguishable." Opp. at 1, 5. Neither provides a reasoned basis for denying a stay.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

While noting in passing that the VPPA is only one of several claims alleged in their Complaint, Plaintiffs fail to cite any authority for the proposition that an appellate decision must be completely dispositive to support a stay. Opp. at 1. Nor can they, because courts regularly recognize that simplification of issues is all that is required. *See, e.g.*, *Washington v. Trump (Trump I)*, No. C17-0141JLR, 2017 WL 1050354, at *4 (W.D. Wash. Mar. 17, 2017) ("The issues involved in the pending proceedings need not be 'controlling of the action before the court' for the court to issue a stay.") (citation omitted). Plaintiffs' suggestion that a stay is "needless with respect to class members that are not members of the VPPA Subclass" is also unavailing because no class has been certified and the named plaintiffs all bring claims under the VPPA. Opp. at 1; *see Mina v. Red Robin Int'l Inc.*, No. CV 18-9472 PSG, 2019 WL 3207807, at *3 (C.D. Cal. Apr. 2, 2019) (rejecting argument that absent class members would be harmed by stay because "no class has been certified, so the interest of putative class members in the litigation is minimal").

Nor must the issues in the cases be identical to warrant a stay. Opp. at 5-6. There can be no doubt that in *Lakes*, the Ninth Circuit will articulate legal principles governing the VPPA's scope and application. Those legal principles will be binding on this Court and central to the resolution of this case, which is based on nearly identical factual allegations and legal contentions as those in *Lakes*. *See* Mot. at 3–4. If the Ninth Circuit does not vitiate Plaintiffs' theory of liability altogether by holding that the VPPA does not apply to video games, it will at minimum provide guidance on the factors to be considered in evaluating the sufficiency of consent.

Plaintiffs attempt to sidestep *Lakes* by speculating that the specific consent mechanisms there—a cookie banner and clickwrap agreement—may not be present here.[1] Opp. at 5. But the form of notice and assent is only one issue in *Lakes*, another being the adequacy of the disclosures themselves. Plaintiffs' Complaint specifically pleads that Woot's disclosures were inadequate because they did not expressly authorize the sharing of their data with Meta and were not presented

[1] Plaintiffs argue that "Woot has not established or attempted to establish notice or assent." Opp. at 5. Of course, Woot has not yet briefed its consent-based defense because the parties appropriately stipulated to stage briefing so that this motion is heard first. *See* Dkt. No. 12.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

in a form "distinct and separate from any form setting forth other legal or financial obligations[.]" Compl. ¶¶ 176–177, 180, 182–183; *see also id.* ¶ 178 ("The VPPA has specific requirements for how written and informed consent must be given. Generic references . . . to the use of cookies and potential third-party data sharing do not equate to the explicit, informed consent required under the VPPA."). These are *precisely* the arguments raised by Plaintiff-Appellants in *Lakes*. *See Lakes* Appeal, Dkt. No. 16.1. In any event, even if there were some daylight between these issues, the standard for a stay pending a related appeal does not require that the cases be identical in all respects. *Trump I*, 2017 WL 1050354, at *4 ("[T]he court need not find that two cases involve identical issues; a finding that the issues are substantially similar is sufficient . . . ."); *In re Zillow Grp., Inc. Session Replay Software Litig.*, No. C22-1282JLR, 2024 WL 69732, at *2 (W.D. Wash. Jan. 5, 2024) (same). Finally, Plaintiffs' suggestion that the Ninth Circuit could leave unaddressed whether video games are covered by the statute is also unavailing. Opp. at 6. Even if the panel were to bypass this threshold issue, there remains a "significant possibility" that its decision "will simplify the issues and questions of law in this matter and further the orderly course of justice." *Zillow*, 2024 WL 69732, at *2. That is all that is required.

**B. Plaintiffs fail to identify any harm that will be caused by a stay.**

Plaintiffs claim they will be harmed both by the "duration" of the stay and because they seek injunctive relief. Opp. at 6–7. These arguments are unsupported by any relevant authority.

*First*, Plaintiffs claim that the requested stay would be "indefinite." Opp. at 7. But courts in this district regularly hold that a stay awaiting the conclusion of a pending appeal is not one of "indefinite" duration. *See, e.g.*, *Ten Bridges LLC v. Hofstad*, No. 2:19-cv-01134-RAJ, 2022 WL 16835841, at *3 (W.D. Wash. Nov. 9, 2022) ("Because the length of this stay is directly tied to the appellate proceedings in [another] case, it is . . . not indefinite."); *Zillow*, 2024 WL 69732, at *2 ("[A] stay pending the resolution of the . . . appeal will be reasonably brief because the length of the stay is directly tied to those appellate proceedings."); *Barbare v. Sigue Corp.*, No. C20-0894-JCC, 2020 WL 8617424, at *2 (W.D. Wash. Sept. 30, 2020) (granting stay and concluding that



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

plaintiff's contention the stay would be "indefinite" was "not well taken" because it was tied to a pending appeal). Plaintiffs' sole authority on this point, *In re: PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024), is distinguishable, as there, the stay was not tied to appellate proceedings, had been in place for eighteen months, and was likely to continue for *seven more years*. *Id.* at 1085. Here, argument in *Lakes* appears likely in December 2026 or January 2027, so Plaintiffs' speculation that the Ninth Circuit could needlessly delay disposition of the appeal for years is entirely unfounded. *See Lakes* Appeal, Dkt. Nos. 50, 51, 52.

*Second*, Plaintiffs' request for injunctive relief does not affect the stay analysis. Opp. at 6. The Opposition cites no authority for the proposition that a stay pending the outcome of an appeal is improper if the non-movant seeks injunctive relief—likely because none exists. *Id.*; *see Bluetooth SIG, Inc. v. FCA US LLC*, No. 2:18-cv-01493-TL, 2022 WL 789480, at *2 (W.D. Wash. Feb. 24, 2022) (granting stay pending appeal even though plaintiff sought injunctive relief, holding that "[i]f Plaintiff prevails at trial, it will be able to seek prospective injective [sic] relief and redress for whatever monetary damages it has incurred, whether the trial takes place tomorrow or two years from now," and that "mere delay in recovery of potential relief by plaintiff is insufficient to demonstrate irreparable damage").

Regardless, there are serious questions as to whether Plaintiffs have Article III standing to seek injunctive relief *at all*. The Complaint pleads no facts supporting a threatened future injury, as Plaintiffs' purchases are retrospective and they admit to awareness of the alleged data collection practices. *See* Compl. ¶¶ 16–18, 148–164. Other courts have dismissed similar claims for injunctive relief. *See, e.g.*, *Edwards v. Mubi, Inc.*, 773 F. Supp. 3d 868, 887 (N.D. Cal. 2025) (dismissing claim for injunctive relief under the VPPA where "[p]laintiffs have not alleged a 'substantial risk of future injury' based on [defendant's] ongoing or future disclosure of PII to third parties"). So, Plaintiffs' reliance on their request for injunctive relief is both irrelevant to the stay analysis and entirely unsupported as a matter of pleading.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**C. Denial of a stay would impose unnecessary hardship on the Court and the parties.**

Plaintiffs have not established that they would be harmed by a stay at all (*see supra*, Section II.B) so Woot need not establish a "clear-cut case of hardship or inequity." Opp. at 7; *see also Washington v. Internet Ord., LLC*, No. C14-1451JLR, 2015 WL 918694, at *6 (W.D. Wash. Mar. 2, 2015) (explaining that the "clear case of hardship" standard only applies after a showing of harm by the non-movant). Instead, a stay is warranted if the parties or Court "*may* suffer" hardship. *Ten Bridges LLC*, 2022 WL 16835841, at *3 (emphasis added) (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). Unnecessary motion practice risking a decision that could conflict with forthcoming, binding precedent easily meets this standard. *See* Mot. at 9; *Zillow*, 2024 WL 69732, at *2 ("[A] stay will prevent the parties from facing the hardship that could result if the court issues a decision in this matter that conflicts with the Ninth Circuit's eventual opinion[.]").

Plaintiffs' remaining arguments are even more erroneous. Plaintiffs claim that Woot must show "irreparable harm" to justify a stay. Opp. at 7. But that standard applies to requests for preliminary injunctions and forms no part of a court's inquiry when deciding whether to stay proceedings pending the outcome of a related appeal. *See* Mot. at 5–6.

**D. A stay will serve the orderly course of justice.**

As explained in Section II.A, *supra*, there is at least a "significant possibility" that the *Lakes* appeal will simplify these proceedings. That is all that is required to establish that a stay will "further the orderly course of justice." *Zillow*, 2024 WL 69732, at *2; *Backowski v. PeopleConnect, Inc.*, No. C21-0115RAJ, 2022 WL 1092519, at *3–4 (W.D. Wash. Apr. 12, 2022). Even if some portion of this action survives *Lakes*, that is an inadequate basis to deny a stay. *See, e.g.*, *California v. U.S. Dep't of Interior*, No. 25-cv-03580-RFL, 2026 WL 412133, at *1 (N.D. Cal. Feb. 13, 2026) (even if "some issues remain after [the] appeals" it would nonetheless "significantly advance the orderly course of justice" and avoid needless "waste [of] judicial resources" to await outcome of related pending appeal with "substantial overlap in legal issues");



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Ali v. Trump*, 241 F. Supp. 3d 1147, 1153–54 (W.D. Wash. 2017) (staying proceedings pending Ninth Circuit's resolution of related case that "may not settle every question of fact and law" but would "in all likelihood . . . settle many and simplify them all," noting the court could "resolve any remaining issues . . . with the benefit of the Ninth Circuit's analysis" (citation omitted)).

Finally, Plaintiffs suggest that if a stay is entered it should be "narrowed" to allow *both* motion practice *and* discovery. There is nothing "narrow" about this request. To the contrary, it would *expand* proceedings given that no Rule 26(f) conference has taken place, nor has any deadline for such conference been set. Plaintiffs' proposal that the parties lurch into discovery only underscores the need for a stay. *See Babare*, 2020 WL 8617424, at *2 (granting stay pending appeal where it would prevent "costly discovery and motions practice that could be unnecessary").

## III. CONCLUSION

For all these reasons, Woot respectfully requests that the Court stay this action pending the Ninth Circuit decision in *Lakes*.

Dated: August 31, 2026

By: */s/ Lauren J. Tsuji*

Nicola C. Menaldo (Bar No. 44459)
Lauren J. Tsuji (Bar No. 55839)
**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
*nicola.menaldo@ashurstperkins.com*
*lauren.tsuji@ashurstperkins.com*

I certify that this brief contains 2,097 words, in compliance with the Local Civil Rules.